JUSTICE GRAY,
specially concurring.
I concur in the result the Court reaches and in the analysis and application of Montana law on which it relies to reach that result. I write separately to note my disagreement with that section of the Court’s opinion which discusses Louisiana statutory and case law.
Specifically, I do not agree thatLeuy addresses a similar situation since, unlike the case before us, it involved a second suit filed before the first suit was abandoned. Nor do I find the language or reasoning of Levy and its progeny “persuasive.” I will not repeat here the cogent discussion regarding the Court’s use of Louisiana law in general, and Levy in particular, set forth in Justice Erdmann’s dissent. Suffice it to say that I agree with that discussion.
Notwithstanding my disagreement with the inclusion of the Levy section in the Court’s opinion, however, I join in the result the Court reaches because it is my view that the Court properly analyzes and *255 applies Montana law to reach that result. For that reason, it also is my view that the Court’s Levy discussion is dicta because it is unnecessary to the resolution of the issue before us, which is fully and properly reached on the basis of Montana law.